CRAWFORD, Judge
(dissenting):
If there was error in this case, it was not plain error: it neither “affect[ed Appellee’s] substantial rights,” nor “seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.” Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Any error was harmless because the defense’s voir dire, opening statement, and arguments, as well as the court’s instructions at numerous points, eliminated any threat of prejudice. United States v. Wharton, 320 F.3d 526, 539 (5th Cir.2003)(even if the prosecutor’s comments concerned the defendant’s right to remain silent, the court’s instruction eliminated the threat of prejudice); Battenfield v. Gibson, 236 F.3d 1215, 1224-25 (10th Cir.2001)(comments about defendant’s lack of testimony were harmless based on trial court’s instructions to jury).
The defense recognized not only on voir dire but also in its opening statement[1] that *36 this case revolves around “the credibility of one witness,” and “the issue of consent.” During voir dire, both the trial counsel and defense counsel asked the members whether they would draw an improper inference if Appellee did not testify. The members all replied twice that they would not draw such an adverse inference. During voir dire, the military judge reminded the members that the accused is presumed to be innocent and the defense is not required to introduce any evidence.
After the Government rested, the defense said it had “one witness to call ... but [needed a] comfort break.” There was no mention of calling Appellee as a witness during the trial or at any session pursuant to Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a)(2000), and the record reveals no plan to call him. At the Article 39(a) session after that break, the defense withdrew its plan to call a witness who was a friend of the victim.
Except for the defense comment after the Government rested, everyone from the start of the trial recognized that this trial concerned “one witness,” and the members could draw inferences based on the direct and cross-examination of that witness.
During the closing instructions prior to argument, the military judge reminded the members that the accused is presumed innocent and the Government must prove the case beyond a reasonable doubt. He told the members that they must determine the credibility of the witness. He instructed the members a number of times that the burden is upon the Government to prove the case beyond a reasonable doubt and that this burden never shifts to the accused. Even after the defense argument, the military judge reminded the members not to draw any adverse inferences from the accused’s failure to testify. There were no objections.
If there was error,[2] it was harmless beyond a reasonable doubt. After their opening statements, both sides had a chance to examine the victim vigorously. The Government argued that its position was supported by the victim’s testimony while the defense argued that her testimony was inconsistent and improbable. To ensure no improper inferences were drawn from Appellee’s failure to testify, the military judge twice informed the members that they were not permitted to infer guilt from the fact that the Appellee did not testify and properly placed the burden on the Government to prove its case beyond a reasonable doubt. For all of these reasons, I conclude that if there was error in this case, it was harmless beyond a reasonable doubt. Thus, I respectfully dissent.

. This Court recognized in United States v. Houser, 36 M.J. 392, 400 (C.M.A.1993), and United States v. Franklin, 35 M.J. 311, 317 (C.M.A.1992), that an opening statement opens the door for rebuttal. See also United States v. McKeon, 738 *36 F.2d 26 (2d Cir.1984)(prior opening statement was admissible evidence at second trial).

. The prosecution has the right to respond to defense counsel’s argument and “right the scale.” United States v. Young, 470 U.S. 1, 13, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). See also United States v. Robinson, 485 U.S. 25, 32, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988); Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144(1986).